UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLYN BROWN, ET AL. | CIVIL ACTION NO. 6:15-2724 |
| VERSUS | JUDGE DOHERTY |
| ST. LANDRY SHERIFF'S DEPARTMENT, ET AL. | MAGISTRATE JUDGE HANNA |

## ORDER

Before the court is plaintiffs' Rule 7(a) reply [rec. doc. 9], which the plaintiffs filed at the Court's direction [rec. doc. 6], addressing the qualified immunity defense asserted by Sheriff Bobby J. Guidroz.

The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit.[1]  Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.[2]  Thus, "[t]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be

---

[1] *Vander Zee V. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) *citing Mitchell v. Forsyth,* 472 U.S. 511, 525-526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

[2] *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 532-533 (5th Cir. 1997) *citing Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

legal."[3] Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[4] "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense."[5] To discharge this burden, a plaintiff must satisfy a two-prong test. First, he must claim that the defendants committed a constitutional violation under current law. Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of.[6] Both prongs of the qualified immunity analysis require precise pleading and discovery concerning the precise conduct alleged to constitute the constitutional violation.

The Fifth Circuit has long held that the assertion of qualified immunity shields government officials from *some* discovery.[7] In *Schultea v. Wood*,[8] the Fifth Circuit considered in detail the inter-workings of pleading, the discovery process, and the public officials' assertion of the qualified immunity defense and

---

[3]*Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (*en banc*).

[4]*Id.* at 371 *citing Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)

[5]*Atteberry v. Nocona General Hospital*, 430 F.3d 245, 253 (5th Cir. 2005) *citing McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*) (*per curiam*).

[6] *Id.* (internal citations omitted); *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

[7]*Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

[8] 47 F.3d 1432 (5th Cir. 1995) (*en banc*).

confirmed that qualified immunity places limits upon a plaintiff's access to the discovery process and imposes pleading requirements stemming from Fed.R.Civ.P. 7(a). The *Schultea* court held that when a plaintiff asserts a Section 1983 claim against a public official who asserts qualified immunity,

> [T]he court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court"s discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading state and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.[9]

Thus, the Rule 7(a) reply and review process becomes a "checkpoint" for the court to review the appropriateness of allowing a plaintiff to proceed with full discovery when a qualified immunity defense has been asserted.

Although the Court is perplexed to the extent that the plaintiffs' reply does not precisely set forth the basis on which Sheriff Guidroz is alleged to be individually liable for the alleged constitutional deprivations, there are sufficient

---

[9]*Schultea,* 47 F.3d at 1433-34.

allegations in both the Complaint and Rule 7A Reply to raise a genuine issue as to the illegality of the Sheriff's conduct.

Plaintiffs allege in their Complaint that Guidroz "condoned the establishment of . . . policies . . .which allowed the deprivation of plaintiff's constitutional rights . . ." [rec. doc. 1, ¶ 38].

In their Rule &A Reply, plaintiffs expound upon this allegation stating that "well before" the date of the incident herein, the Sheriff's Department "had been put on notice of the fact that Mr. Brown suffered from various health maladies, including hypertension" and that the "Sheriff's Department did not provide staff that could adequately, and properly, treat individuals with medical conditions such as Mr. Brown's health issues." They further states that "[d]espite being directly responsible for hiring staff, and presumably being aware of his constitutional obligations to the inmates st the St. Landry Parish jail, Sheriff Guidroz failed to hire trained staff able to treat Mr. Brown during the time leading up to his demise." [rec. doc. 9, pg. 3]. Moreover, plaintiffs state that "Sheriff Guidroz had knowledge of the fact that none of his deputies were medically trained, and that there were no persons at the parish jail who could address serious and potentially life threatening conditions, such as Mr. Brown's hypertension." [*Id* at pg. 5].

The Court liberally construes these allegations, for purposes of this review only, as asserting liability against the Sheriff on the basis of an alleged

implementation of an unconstitutional policy of failing to hire or train medical staff, that resulted in the plaintiff's injury.[10]   However, the Court is unable to rule on the Sheriff's immunity defense without further clarification of the facts.   Thus, an order limiting discovery is necessary.[11]

Applying *Schultea*, therefore;

**IT IS ORDERED** that discovery with respect to Sheriff Bobby J. Guidroz is limited, at the current time, to that which is necessary to address the qualified immunity defense asserted by this defendant.

---

[10]In a Section 1983 action, a supervisory official may be held liable only if:  (I) he affirmatively participated in the acts that resulted in a constitutional deprivation; or (ii) he implemented unconstitutional policies that resulted in the plaintiff's injury. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Gates v. Texas Depot of Prot. & Reg. Serve.*, 537 F.3d 404, 435 (5th Cir. 2008).  To establish supervisor liability for constitutional violations committed by subordinate employees, the plaintiff must show that the supervisor acted or failed to act with deliberate indifference to the violation of others' constitutional rights committed by their subordinates. *Porter*, 659 F.3d at 446. Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 446-47; *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1360 (2011).

A supervisory official may be held personally liable for a failure to train his subordinates only where the failure to train or supervise amounts to deliberate indifference and is a proximate cause of a constitutional violation. *Porter*, 659 F.3d at 446; *Brown v. Callahan*, 623 F.3d 249, 254 n. 1 (5th Cir.2010), *cert. denied*, 131 S.Ct. 2932, 180 L.Ed.2d 225 (2011). "[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 446-447 *citing Connick*, 131 S.Ct. at 1360 (internal quotation marks omitted) *quoting Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. at 409. To establish that a state actor disregarded a known or obvious consequence of his actions, there must be "actual or constructive notice" "that a particular omission in their training program causes . . . employees to violate citizens' constitutional rights" and the actor nevertheless "choose[s] to retain that program." *Id.* at 447 *citing Bryan Cnty.*, 520 U.S. at 407. Thus,  "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights ." *Id.*

[11]*See Lion Boulos*, 834 F.2d at 507–08; *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994–995 (5th Cir.), *cert. denied*, 515 U.S. 1131, 115 S.Ct. 2555, 132 L.Ed.2d 809 (1995).

Furthermore, to assure that the qualified immunity issue can be expeditiously addressed in the manner contemplated by *Schultea*,

**IT IS FURTHER ORDERED** that:

(1) Not later than **July 15, 2016**, the plaintiffs must supplement thier reply pursuant to Fed.R.Civ.P. 7(a) to the qualified immunity defense of Sheriff Bobby J. Guidroz, specifying the precise conduct of this individual defendant and the corresponding constitutional violation(s) arising from that conduct upon which the plaintiffs base their § 1983 claims against Sheriff Bobby J. Guidroz;

(2) Not later than **August 12, 2016**, Sheriff Bobby J. Guidroz must file a motion for summary judgment based on qualified immunity;

(3) Discovery with respect to Sheriff Bobby J. Guidroz may proceed insofar as it relates only to the qualified immunity issue. All other discovery with respect to this defendant is stayed until such time as this defendant's qualified immunity motion is determined by the Court. However, **if Sheriff Bobby J. Guidroz fails to file his qualified immunity motion by August 12, 2016, the partial stay of discovery set forth in this Order is automatically lifted without further order of this Court.**

Signed in Lafayette, Louisiana, this 13th day of May, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE